IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANGELIC SALGADO, *as personal representative of the Wrongful Death Estate of Jonathan Molina*,

    Plaintiff,

v.                                                            Civ. No. 21-749 JCH/GBW

NEW MEXICO DEPARTMENT
OF PUBLIC SAFETY, *et al.*,

    Defendants.

**ORDER GRANTING STATE DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING THE COURT'S DISPOSITION OF OFFICER SMITH'S MOTION[S] FOR SUMMARY JUDGMENT NO. I AND NO. II BASED ON THE APPLICATION OF QUALIFIED IMMUNITY**

THIS MATTER comes before the Court on State Defendants' Motion for Protective Order Staying Discovery Pending the Court's Disposition of Officer Smith's Motion[s] for Summary Judgment No. I and No. II Based on The Application of Qualified Immunity. *Doc. 17*. Having reviewed the Motion and its attendant briefing (*docs. 23, 24*), noting Plaintiff's partial concurrence, and being fully advised in the premises, the Court GRANTS the Motion.

This case arises from the fatal shooting of Jonathan Molina by Defendant Smith, a New Mexico State Police Officer, during a traffic stop. *See generally doc. 1-1*. On October 28, 2021, Defendant Smith moved the Court for partial summary judgment on Plaintiff's

claims of unreasonable seizure, excessive force, and failure to render aid against him based on qualified immunity. *Docs. 13, 15*. Along with Defendant New Mexico Department of Public Safety,[1] Defendant Smith also moved the Court for a protective order staying discovery for the pendency of his motions for partial summary judgment. *Doc. 17*. After the Court expedited briefing on this Motion, *see doc. 18*, Plaintiff filed a response in which she "oppose[d] the Motion only insofar as she seeks leave to obtain discovery sufficient to create a factual record to respond to Defendant Smith's motion for summary judgment on the basis of qualified immunity (Doc. 13)." *Doc. 23* at 1-2 (citing Fed. R. Civ. P. 56(d)). Briefing was complete on the Motion on November 11, 2021, *doc. 25*, when Defendants Smith and New Mexico Department of Public Safety ("State Defendants") filed their reply, *doc. 24*.

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 556

---

[1] The parties have since stipulated to the dismissal of Defendant New Mexico Department of Public Safety. *See doc. 28*.

U.S. 662, 685-86 (2009); *Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has emphasized that trial courts should resolve the issue before discovery if possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).  As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery.  *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

     Staying discovery for the pendency of a dispositive motion based on qualified immunity does not preclude the Court from later authorizing targeted discovery essential to contesting a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d).  *See, e.g., Padilla v. GEICO Ins. Co.*, Civ. No. 19-696 SMV/GBW, 2019 WL 4889131, at *2 (D.N.M. Oct. 3, 2019) (unpublished).  Pursuant to this Rule, Plaintiff has moved the Court to depose Defendant Smith and Brandon Smith "on the full extent of the statement of fact set forth in Defendant's motion and in Defendant Kevin Smith's Affidavit in order to develop her own factual record." *Doc. 26* at 1.  The State Defendants oppose Plaintiff's Motion insofar as she seeks discovery on matters other than the portion of the interaction between Defendant Smith and Mr. Molina that

3

started after Defendant Smith approached the passenger side of the vehicle to speak to Mr. Molina and ended after the two of them had a physical altercation in the passenger compartment of the vehicle. *See doc. 24* at 6-7 (alleging that dash camera video, screen shots, police dispatch audio, and rear seat camera video "clearly capture" all other relevant portions of Defendant Smith and Mr. Molina's interaction). Since briefing on Plaintiff's Rule 56(d) Motion for Denial or Continuance of Defendant Keven Smith's Motion for Summary Judgment on the Basis of Qualified Immunity and Affidavit in Support (*doc. 26*) is not yet complete, the Court does not reach the issue of what discovery Plaintiff may take pursuant to Rule 56(d) notwithstanding a general stay of discovery.

IT IS HEREBY ORDERED that State Defendants' Motion for Protective Order Staying Discovery Pending the Court's Disposition of Officer Smith's Motion[s] for Summary Judgment No. I and No. II Based on The Application of Qualified Immunity is GRANTED and that discovery in this case—other than any discovery the Court authorizes pursuant to Rule 56(d) at a later date—is STAYED for the pendency of the Court's adjudication of Defendant Smith's Motions for Partial Summary Judgment (*docs. 13, 15*).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

4